UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK,<br><br>    Plaintiff,<br><br>    vs.<br><br>EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C., BP AMERICA INC., and AMERICAN PETROLEUM INSTITUTE,<br><br>    Defendants. | Case Number: 1:21-CV-04807-VEC-SDA |

**PLAINTIFF'S NOTICE OF MOTION AND**
**<u>MOTION TO REMAND TO STATE COURT</u>**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiff the City of New York ("the City") hereby respectfully moves the Court for an Order pursuant to 28 U.S.C. § 1447(c), remanding this matter to the Supreme Court of the State of New York, County of New York, from which it was removed, and awarding the City just costs and any actual expenses, including attorney fees, incurred as a result of the Defendants' improper removal. Pursuant to the parties' Joint Letter to the Court for Extensions of Time and To Set Briefing Schedule and Page Limits (Dkt. 19, filed June 2, 2021), and the Court's order granting the same (Dkt. 20, entered June 3, 2021) (collectively, "Joint Letter and Order"), the City shall file its Memorandum of Points and Authorities in Support of its Motion to Remand by July 7, 2021.

As grounds for this motion, the City asserts that removal was improper and without an objectively reasonable basis because the City's Complaint does not raise any federal claims and the Supreme Court of the State of New York, County of New York, is the appropriate forum for adjudicating the City's exclusively state-law claims. Defendants have not satisfied their burden to establish this Court's jurisdiction under any of the bases cited in Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation's Notice of Removal (Dkt. No. 1): 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1442(a), and 1453(b); U.S. Const. art. I, § 8, cl. 17; 43 U.S.C. § 1349(b)(1); and 13 U.S.C. § 1332(a). These arguments fail for the following reasons:

- **28 U.S.C. §§ 1331 & 1441(a)**: This Court lacks jurisdiction over the subject matter of this case because the City solely alleges violations of state law. The Complaint asserts no federal law claims, and no claim in the City's well-pleaded Complaint arises under the Constitution, laws, or treaties of the United States, including federal common law. The City's claims are thus not within this Court's original jurisdiction under 28 U.S.C. § 1331. Nor does the

Complaint necessarily raise any disputed, substantial questions of federal law sufficient to create federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The City's claims are therefore not removable under 28 U.S.C. § 1441(a).

- **28 U.S.C. § 1442**: The case is not removable pursuant to 28 U.S.C. § 1442, because in carrying out the tortious conduct alleged in the City's Complaint, Defendants are not and have never been federal officers or persons acting under federal officers performing some act under color of federal office. Any acts Defendants may have conducted under a federal superior, moreover, are not related or connected to the City's claims, and Defendants have not satisfied their burden to show a colorable federal defense.

- **43 U.S.C. § 1349(b)**: The case is not removable pursuant to the Outer Continental Shelf Lands Act because it does not "aris[e] out of, or in connection with . . . any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals," within the meaning of 43 U.S.C. § 1349(b)(1).

- **U.S. Const. art. I, § 8, cl. 17**: The case is not removable on the ground that some of the alleged injuries arose, or alleged conduct occurred, on "federal enclaves." The City's consumer protection claims did not arise on any federal enclave.

- **28 U.S.C. § 1332(d)**: The Class Action Fairness Act ("CAFA") does not provide jurisdiction because this is not a "class action" within the meaning of the statute.

- **13 U.S.C. § 1332(a)**: There is no complete diversity of citizenship warranting federal diversity jurisdiction because Defendant ExxonMobil Oil Corporation is incorporated in New York. Defendants' theory of fraudulent joinder must be rejected because it does not meet the

burden of proof to establish "outright fraud" by clear and convincing evidence and because it ignores the actual allegations of this Defendant's misconduct giving rise to the City's claims.

Briefing on these matters will follow pursuant to the schedule set forth in the Stipulation and Order.

Dated:  June 25, 2021	Respectfully submitted,

**GEORGIA PESTANA**
**Acting Corporation Counsel of**
**the City of New York**

/s/ *Hilary Meltzer*
Hilary Meltzer
  Chief, Environmental Law Division
Tess Dernbach
Alice R. Baker
  Assistants Corporation Counsel
100 Church Street
New York, New York 10007
(212) 356-2072
hmeltzer@law.nyc.gov
tdernbach@law.nyc.gov
albaker@law.nyc.gov

**SHER EDLING LLP**

/s/ *Matthew K. Edling*
Matthew K. Edling
Victor M. Sher (*pro hac vice*)
Michael Burger
Katie H. Jones (*pro hac vice*)
Quentin C. Karpilow (*pro hac vice* forthcoming)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
(628) 231-2500
matt@sheredling.com
vic@sheredling.com
michael@sheredling.com
katie@sheredling.com
quentin@sheredling.com

*Attorneys for Plaintiff*
*The City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 25th day of June, 2021, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew K. Edling*
Matthew K. Edling