# EXHIBIT B

# Katie Jones

| | |
|---|---|
| **From:** | Kessler, David <dkessler@paulweiss.com> |
| **Sent:** | Monday, October 16, 2023 10:00 AM |
| **To:** | Katie Jones; Smith, Kyle; Matt Edling; Quentin Karpilow; Hilary Meltzer; Tess Dernbach; Alice Baker; Nathan Taylor |
| **Cc:** | Wells Jr., Theodore V; Toal, Daniel J; Rhee, Jeannie S; Brachman, Paul D; Margolis, Sam C.; Nancy.Milburn@apks.com; Diana.Reiter@arnoldporter.com; Milburn, Nancy; Lombardo, John D.; Barber, Kathryn M.; msimes@mcguirewoods.com; bschmalzbach@mcguirewoods.com; kbarber@mcguirewoods.com; EXT Frederick, D; Webster, James M.; Severson, Daniel S.; Knofczynski, Grace W.; Anderson, Jeremiah J.; Folio, Ryan M.; Howe, Dennis D.; Jaroff, Aaron F.; Tor, Loly; Shenkman, Ethan G.; Birkel, Charlie |
| **Subject:** | RE: City of New York v. Exxon Mobil et al., 21-cv-4807 (SDNY) - Motion to Remand |

Katie –

Thanks very much for your email. We set forth our response here, which we make for purposes of this motion to remand only and while reserving all rights with respect to future appellate proceedings in this case and other matters.

We agree that *Connecticut* controls the third ground for removal (OCSLA).

With respect to the first ground for removal (federal common law/*Grable*), the Second Circuit did not decide the "issue of whether federal common law can *ever* give rise to complete preemption or otherwise convert state claims into federal claims in the same manner as complete preemption under federal statutes." *Connecticut* v. *Exxon Mobil Corp.*, No. 21-1446 (Sept. 27, 2023), at n.4 (internal quotation marks and citation omitted). Defendants reserve the right to argue that, in this case, federal common law does "convert state claims into federal claims in the same manner as complete preemption under federal statutes."

With respect to the second ground for removal (federal officer), the *Connecticut* decision with respect to the federal officer removal statute was based on the factual record before that court. Moreover, Defendants acknowledge that the causal-connection test applied in *Connecticut* controls this motion to remand, but intend to argue, for purposes of potential future appellate review, that, "[b]y the Removal Clarification Act [of 2011], Congress broadened federal officer removal to actions, not just causally connected, but alternatively connected or associated, with acts under color of federal office." *Latiolais* v. *Huntington Ingalls, Inc.*, 951 F.3d 286, 292 (5th Cir. 2020) (en banc). As a result, Defendants intend to argue before Judge Caproni that, under that broader standard and on the record before Judge Caproni, federal officer removal is appropriate.

Defendants do not agree that, because ExxonMobil did not appeal its federal enclave argument to the Second Circuit in *Connecticut*, the *Connecticut* decision forecloses the fourth ground of removal in this case (federal enclaves). Defendants reserve the right to brief that issue before Judge Caproni.

Finally, we agree that the other grounds for removal you identified—Defendants' CAFA, diversity, and First Amendment arguments (the fifth, sixth, and seventh grounds, NOR paragraph 23)—were not addressed in *Connecticut* and remain for further briefing.

The previous briefs in this matter were subject to an expanded 45-page limit. Given the above, we think an expansion of the page limits remains appropriate for the opening and opposition briefs. We suggest 35 pages for each. Assuming the City agrees, we are amenable to entering into a stipulation regarding page limits.

Best,

David

**David K. Kessler** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3614 (Direct Phone) | 212 492 0614 (Direct Fax)
dkessler@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him*

---

**From:** Katie Jones <katie@sheredling.com>
**Sent:** Wednesday, October 11, 2023 3:23 PM
**To:** Smith, Kyle <ksmith@paulweiss.com>; Matt Edling <matt@sheredling.com>; Quentin Karpilow <quentin@sheredling.com>; Hilary Meltzer <hmeltzer@law.nyc.gov>; Tess Dernbach <tdernbac@law.nyc.gov>; Alice Baker <albaker@law.nyc.gov>; Nathan Taylor <ntaylor@law.nyc.gov>
**Cc:** Wells Jr., Theodore V <twells@paulweiss.com>; Toal, Daniel J <dtoal@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Brachman, Paul D <pbrachman@paulweiss.com>; Kessler, David <dkessler@paulweiss.com>; Margolis, Sam C. <smargolis@paulweiss.com>; Nancy.Milburn@apks.com; Diana.Reiter@arnoldporter.com; Milburn, Nancy <Nancy.Milburn@arnoldporter.com>; Lombardo, John D. <John.Lombardo@arnoldporter.com>; Barber, Kathryn M. <KBarber@mcguirewoods.com>; msimes@mcguirewoods.com; bschmalzbach@mcguirewoods.com; kbarber@mcguirewoods.com; EXT Frederick, D <dfrederick@kellogghansen.com>; Webster, James M. <jwebster@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Knofczynski, Grace W. <gknofczynski@kellogghansen.com>; Anderson, Jeremiah J. <jjanderson@mcguirewoods.com>; Folio, Ryan M. <rfolio@kellogghansen.com>; Howe, Dennis D. <dhowe@kellogghansen.com>; Jaroff, Aaron F. <AJaroff@mcguirewoods.com>; Tor, Loly <loly.tor@klgates.com>; Shenkman, Ethan G. <Ethan.Shenkman@arnoldporter.com>; Birkel, Charlie <Charlie.Birkel@arnoldporter.com>
**Subject:** RE: City of New York v. Exxon Mobil et al., 21-cv-4807 (SDNY) - Motion to Remand

Thank you, Kyle. To clarify, it's the City's position that *Connecticut* unambiguously controls Defendants' removal arguments under federal common law, *Grable*, federal officer, and OCSLA (the first, second, and third grounds for removal identified in Defendants' Notice of Removal ["NOR"] in paragraph 22). Because Exxon declined to appeal its federal enclave argument to the Second Circuit in *Connecticut*, the City also believes that ground is meritless and that the parties need not brief that issue further in this case (fourth ground, NOR paragraph 22). The issues that were not addressed in *Connecticut* and that remain for further briefing are Defendants' CAFA, diversity, and First Amendment arguments (the fifth, sixth, and seventh grounds, NOR paragraph 23).

Please confirm whether this comports with Defendants' understanding of the issues that the *Connecticut* decision controls. I appreciate Defendants' dialogue on this issue and expect it will lead to an efficient presentation of the issues for Judge Caproni.

Thank you,
Katie


**Katie Jones**

**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco CA 94104
628.231.2533 | sheredling.com


**From:** Smith, Kyle <ksmith@paulweiss.com>
**Sent:** Tuesday, October 10, 2023 9:15 AM

**To:** Katie Jones <katie@sheredling.com>; Matt Edling <matt@sheredling.com>; Quentin Karpilow <quentin@sheredling.com>; Hilary Meltzer <hmeltzer@law.nyc.gov>; Tess Dernbach <tdernbac@law.nyc.gov>; Alice Baker <albaker@law.nyc.gov>; Nathan Taylor <ntaylor@law.nyc.gov>
**Cc:** Wells Jr., Theodore V <twells@paulweiss.com>; Toal, Daniel J <dtoal@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Brachman, Paul D <pbrachman@paulweiss.com>; Kessler, David <dkessler@paulweiss.com>; Margolis, Sam C. <smargolis@paulweiss.com>; Nancy.Milburn@apks.com; Diana.Reiter@arnoldporter.com; Milburn, Nancy <Nancy.Milburn@arnoldporter.com>; Lombardo, John D. <John.Lombardo@arnoldporter.com>; Barber, Kathryn M. <KBarber@mcguirewoods.com>; msimes@mcguirewoods.com; bschmalzbach@mcguirewoods.com; kbarber@mcguirewoods.com; EXT Frederick, D <dfrederick@kellogghansen.com>; Webster, James M. <jwebster@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Knofczynski, Grace W. <gknofczynski@kellogghansen.com>; Anderson, Jeremiah J. <jjanderson@mcguirewoods.com>; Folio, Ryan M. <rfolio@kellogghansen.com>; Howe, Dennis D. <dhowe@kellogghansen.com>; Jaroff, Aaron F. <AJaroff@mcguirewoods.com>; Tor, Loly <loly.tor@klgates.com>; Shenkman, Ethan G. <Ethan.Shenkman@arnoldporter.com>; Birkel, Charlie <Charlie.Birkel@arnoldporter.com>
**Subject:** RE: City of New York v. Exxon Mobil et al., 21-cv-4807 (SDNY) - Motion to Remand

Counsel:

Thank you for reaching out. Defendants will not agree to "stipulate to withdraw the removal grounds addressed in" *Connecticut* v. *Exxon Mobil Corp*. However, Defendants are amenable to agreeing, for purposes of this remand motion and reserving all rights as to future appellate proceedings, that the *Connecticut* decision controls some of the arguments that defendants previously made about remand, and that the parties need not brief those issues further before Judge Caproni. As a next step, it would be helpful to know the City's view about what are the "issues that are controlled by" *Connecticut*, and what issues remain for further briefing.

Thank you,
Kyle

---

**From:** Katie Jones <katie@sheredling.com>
**Sent:** Thursday, October 5, 2023 12:10 PM
**To:** Wells Jr., Theodore V <twells@paulweiss.com>; Toal, Daniel J <dtoal@paulweiss.com>; janderson@paulweiss.com; patrick.j.conlon@exxonmobil.com; nancy.milburn@arnoldporter.com; diana.reiter@arnoldporter.com; matthew.heartney@arnoldporter.com; john.lombardo@arnoldporter.com; jonathan.hughes@arnoldporter.com; msimes@mcguirewoods.com; amcbride@mcguirewoods.com; Brian D. Schmalzbach <bschmalzbach@mcguirewoods.com>; kbarber@mcguirewoods.com; dfrederick@kellogghansen.com; jwebster@kellogghansen.com; dseverson@kellogghansen.com; gknofczynski@kellogghansen.com
**Cc:** Matt Edling <matt@sheredling.com>; Quentin Karpilow <quentin@sheredling.com>; Hilary Meltzer <hmeltzer@law.nyc.gov>; Tess Dernbach <tdernbac@law.nyc.gov>; Alice Baker <albaker@law.nyc.gov>; Nathan Taylor <ntaylor@law.nyc.gov>
**Subject:** City of New York v. Exxon Mobil et al., 21-cv-4807 (SDNY) - Motion to Remand

Hello all,

I am counsel for New York City and writing to confer about its motion to remand in light of the Court's order yesterday. To avoid spending time re-briefing issues that are controlled by the Second Circuit's recent decision in *Connecticut v. Exxon Mobil Corp.*, please let me know whether Defendants will stipulate to withdraw the removal grounds addressed in that case. And let me know if you'd like to discuss further.

Thank you,
Katie

**Katie Jones**

**SHER EDLING LLP**

100 Montgomery St., Ste. 1410
San Francisco CA 94104

628.231.2533 | sheredling.com

**CONFIDENTIAL NOTICE**

**This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender.   The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited.  If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments.  Neither this email nor the contents thereof are intended to nor shall create an attorney-client relationship between Sher Edling LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.**

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.